# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1914-20

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

      Plaintiff-Respondent,

v.

S.L.,

      Defendant-Appellant,

and

J.W., and N.F.,

      Defendants,

_____

IN THE MATTER OF THE
GUARDIANSHIP OF K.L.W.,
K.F., and K.F., minors.

_____

      Argued December 8, 2021 – Decided February 4, 2022

      Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FG-02-0047-20.

Adrienne Kalosieh, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Adrienne Kalosieh, on the briefs).

John J. Lafferty, IV, Deputy Attorney General, argued the cause for respondent (Andrew J. Bruck, Acting Attorney General, attorney; Jane C. Schuster, Assistant Attorney General, of counsel; John J. Lafferty, IV, on the brief).

David Valentin, Assistant Deputy Public Defender, argued the cause for minors (Joseph E. Krakora, Public Defender, Law Guardian, attorney; David Valentin, on the brief).

PER CURIAM

S.L. (Sue) appeals from a February 24, 2021 judgment terminating her parental rights to her three minor children and granting the Division of Child Protection and Permanency (Division) guardianship of the children with the plan that the children be adopted by their maternal grandmother.[1] Sue argues that the Division failed to prove the four prongs of the best interests of the child standard necessary for the termination of parental rights. N.J.S.A. 30:4C-15.1(a). The

---

[1] We use initials and fictious names to protect privacy interests and to maintain the confidentiality of the record. See R. 1:38-3(d)(12).

Division and the children's law guardian urged that we affirm the judgment and allow the adoption to proceed. Having reviewed the record in light of the parties' contentions and the applicable law, we affirm substantially for the reasons explained by Judge Michael Antoniewicz in his thorough, forty-page written opinion, dated February 24, 2021.

The facts and evidence are detailed in Judge Antoniewicz's opinion, which he rendered after a two-day trial. Accordingly, we need only summarize some of the relevant facts. Sue is the biological mother of three children: K.L.W. (Katie), born in March 2017, and twins K.F. (Krystal) and K.F. (Kevin), born in March 2018. J.W. is Katie's biological father, and he gave an identified surrender of his parental rights. N.F. is Krystal's and Kevin's biological father, and he did not participate in the trial. The family court terminated N.F.'s parental rights, finding that he had abandoned the children. Neither father has appealed.

Sue suffers from mental health issues, including bipolar disorder, anxiety, and depression. Because Sue has not properly treated those disorders, her disorders have led to an unstable life. She has had a hard time holding a job and she is often transient without a stable home. Sue has also been inconsistent in attending to the medical needs of the children.

A-1914-20

The children were removed from Sue's care in 2018 and 2019. The first incident occurred when Sue had a physical fight with her roommate after she had left the children unattended for a long period of time. After working with Sue, the Division returned the children to her care. The second removal took place in February 2019, when Sue failed to adhere to a safety-protection plan and there were concerns about her failure to attend to the medical needs of the two youngest children. The children have not been in Sue's care since 2019, and they have spent most of their lives in the care of their maternal grandmother, who wants to adopt them.

The guardianship trial took place in December 2020. The Division called three witnesses: Kimberly Megman, a Division worker, Dr. Samiris Sostre, an expert in psychiatry, and Dr. Barry Katz, an expert in psychology. The Division also submitted numerous documents into evidence. Sue testified on her own behalf and called no other witnesses.

Based on that evidence, Judge Antoniewicz made extensive findings of facts and conclusions of law. He found the three witnesses who testified on behalf of the Division to be credible and Sue not to be credible. He then found that the Division had proven each of the four prongs of the best-interests standard by clear and convincing evidence.

A-1914-20

Addressing prong one, Judge Antoniewicz found that Sue had failed to adequately address her mental health problems, which resulted in an unsafe and unstable environment for the children. Relying on the unrebutted testimony of Dr. Sostre and Dr. Katz, the judge found that Sue had bipolar disorder, which she failed to treat. Because of that untreated mental disorder, the judge found that the children had been exposed to domestic violence and an unstable living environment.

Turning to the second prong, Judge Antoniewicz found that Sue was unwilling to address her bipolar disorder and returning the children to her care would endanger the safety, health, and development of the children. Relying on the testimony of Dr. Sostre and Dr. Katz, both of whom had evaluated Sue, Judge Antoniewicz found that Sue minimized and denied her need for treatment, which demonstrated that she had little chance of properly addressing her conditions. Accordingly, the judge found that Sue was "unable and unwilling to eliminate the harm" facing her children.

Concerning prong three, the judge found that the Division had made reasonable efforts to provide services to Sue. Those services included psychiatric evaluations, psychological evaluations, mental health treatment

A-1914-20

services, therapeutic supervised visitation with the children, parenting classes, parent mentoring, and transportation assistance.

Judge Antoniewicz also found that the Division had considered alternatives to the termination of Sue's parental rights. In that regard, the judge credited the testimony of the Division worker who had testified that she explained what kinship legal guardianship was to the maternal grandmother, but the grandmother preferred adoption.

Finally, addressing prong four, Judge Antoniewicz found the Division had proven by clear and convincing evidence that termination of Sue's parental rights will not do more harm than good. The judge relied on the unrebutted testimony of Dr. Katz who had conducted psychological and bonding evaluations and who had opined that termination of Sue's parental rights would not cause any enduring harm to the children. By contrast, Dr. Katz opined that separating the children from their maternal grandmother would cause the children severe and enduring harm and Sue would not be able to mitigate that harm if she had custody of the children. The judge also found that the children's best opportunity for a healthy upbringing with a competent, nurturing caretaker was if they stayed in the care of their maternal grandmother.

6

On this appeal, Sue argues that the family court erred in finding each of the four prongs under the best-interests standard. In essence, she disputes the fact findings made by Judge Antoniewicz.

A review of the record establishes that each of the court's findings concerning the four prongs is supported by substantial and credible evidence. N.J. Div. of Youth & Fam. Servs. v. F.M., 211 N.J. 420, 448 (2012). Moreover, Judge Antoniewicz correctly summarized the law and correctly applied his factual findings to the law. N.J. Div. of Child Prot. & Permanency v. P.O., 456 N.J. Super. 399, 407 (App. Div. 2018). Indeed, our Supreme Court has recognized: "In a termination of parental rights trial, the evidence often takes the form of expert opinion testimony by psychiatrists, psychologists, and other mental health professionals." N.J. Div. of Child Prot. & Permanency v. R.L.M., 236 N.J. 123, 146 (2018). Judge Antoniewicz properly relied, in part, on the unrebutted testimony of Dr. Sostre and Dr. Katz, both of whom had conducted several evaluations and had factual bases for their opinions. Judge Antoniewicz also found that other evidence supported and corroborated the testimony of the two experts.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1914-20